GARCIA RAINEY BLANK & BOWERBANK LLP
A Limited Liability Partnership
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
HUGO A. LOPEZ, Cal. Bar No. 315846
hlopez@garciarainey.com
695 Town Center Drive, Suite 540
Costa Mesa, California 92626-1925
Telephone: 714-382-7003
Facsimile: 714-784-0031

Attorneys for Defendant/Cross-Complainant
Easy Way Formula, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson<br><br>Plaintiff,<br><br>v.<br><br>Easy Way Formula, LLC, a California Limited Liability Company; Main Street Cupertino Retail Property, LLC, a Delaware Limited Liability Company<br><br>Defendants.<br><br>Easy Way Formula, LLC, a California Limited Liability Company<br><br>Cross-Complainant<br><br>Main Street Cupertino Retail Property, LLC, a Delaware Limited Liability Company<br><br>Cross-Respondent | Case No. 4:21-cv-01926-YGR<br><br>**DEFENDANT EASY WAY FORMULA, LLC'S FIRST AMENDED CROSS-COMPLAINT AGAINST MAIN STREET CUPERTINO RETAIL PROPERTY, LLC FOR:**<br><br>(1) **EXPRESS INDEMNITY**<br>(2) **IMPLIED INDEMNITY**<br>(3) **COMPARATIVE INDEMNITY**<br>(4) **CONTRIBUTION**<br>(5) **DECLARATORY RELIEF**<br>(6) **BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Cross-Complainant Easy Way Formula, LLC (hereinafter referred to as "Easy Way" or "Defendant") cross-complains against Cross-Defendant Main Street Cupertino Retail Property, LLC ("Main Street Cupertino" or "Cross-Complainant") and alleges as follows.

**THE PARTIES**

1. Cross-Complainant Easy Way Formula, LLC ("Easy Way" or "Cross-Complainant") is and was at all times relevant to this Cross-Complaint (the "Cross-Complaint") a California limited liability company operating the restaurant Meet Fresh located at 19449 Stevens Creek Blvd., Cupertino, California (the "Restaurant").

2. Cross-Complainant is informed and believes, and on that basis alleges that Cross-Defendant Main Street Cupertino Retail Property, LLC ("Main Street Cupertino") is and was at all times relevant to this Cross-Complaint a Delaware limited liability company and is currently the owner of the real property where the Restaurant is located.

3. Cross-Complainant is informed and believes, and on that basis alleges that Cross-Defendant also owned the real property where the Restaurant is located during February 2021 and March 2021.

**JURISDICTION AND VENUE**

4. Cross-Complainant brings this Cross-Complaint under Rule 13(g) of the Federal Rules of Civil Procedure. Cross-Defendant, who is an existing co-party, is liable for all or a part of any claims or damages asserted in the Complaint by plaintiff Scott Johnson against Cross-Complainant (the "Complaint") and the cross-claims arise out of the same transactions or occurrences that are the subject matter of the Complaint. Thus, the Cross-Complaint and the cross-claims asserted therein are ancillary thereto for purposes of subject matter jurisdiction. (28 U.S.C. § 1367.)

5. The Cross-Defendant is subject to personal jurisdiction of this Court on the Complaint, and therefore is subject to personal jurisdiction as to the Cross-Complaint. Specifically, the Cross-Defendant conducts business and/or resides in this District and is therefore subject to the personal jurisdiction of this Court.

6. Cross-Claims do not affect venue requirements, and therefore venue is proper as to the Cross-Claims. Moreover, venue is proper under 28 U.S.C. § 1391(b) because the Restaurant which is the subject of the Cross-Complaint is located in this District, and a substantial part of the events and omissions on which the Cross-Claims are based occurred in this District.

## FACTUAL BACKGROUND

7. On or about March 27, 2014, Cross-Complainant and Cross-Defendant's predecessor Main Street Cupertino Aggregator, LLC entered into a retail lease (the "Lease") for the premises located at 19449 Stevens Creek Blvd., Suite 120, Cupertino, California 95014. Cross-Complaint intended to use the premises to operate a Meet Fresh restaurant (the "Restaurant"). Attached hereto as **Exhibit A** is a true and correct copy of the Lease.

8. Cross-Complainant is informed and believes, and on that basis alleges that at some point after Cross-Complainant and Main Street Cupertino Aggregator, LLC entered into the Lease, Cross-Defendant became the owner of the real property where the Restaurant is located, assumed the Lease, and became Cross-Complainant's new landlord.

9. Pursuant to the Lease, Cross-Defendant, as the landlord, is responsible for the Common Areas surrounding where the Restaurant is located and the Lease further states that Cross-Defendant, as the landlord, has the right to alter or modify the Common Areas, **without notice or liability to Cross-Complainant, the Tenant.**

10. Specifically, Paragraph 4.2 of the Lease states:

> Common Areas are all areas and facilities outside the Premises and within the boundary lines of the Project that are designated by Landlord from time to time for the general nonexclusive use of tenants of the Project; provided that Tenant shall not have any rights to the roof, exterior walls, utility raceways, air space or to any other buildings in the Project except as expressly provided in this Lease. Landlord reserves the right, without notice or liability to Tenant, and without the same constituting an actual or constructive eviction, to alter or modify the Common Areas from time to time, including additions thereto or deletions therefrom, the location and configuration thereof, and the

amenities and facilities which Landlord may determine to provide from time to time. Without limiting the foregoing, Landlord may (but shall not be obligated to): (i) utilize the Common Areas for promotions, exhibits, food facilities and any other use which Landlord, in its reasonable business judgment, deems appropriate for such Common Areas; (ii) refurbish, renovate and alter the Common Areas and/or the storefront of the Premises and erect, install, remove and lease, kiosks, planters, pools, sculpture, temporary scaffolds and other aids to construction, and other improvements within the Common Areas; (iii) enter into, modify or terminate easements and other agreements pertaining to the use and maintenance of any part of the Project; (iv) grant individual tenants and others the right to conduct sales in the Common Areas; and (v) do and perform any other acts in and to said Common Areas as, in the exercise of reasonable business judgment, Landlord shall deem advisable.

11. On March 19, 2021, Plaintiff Scott Johnson ("Plaintiff") initiated this action with a complaint ("Complaint") against Cross-Complainant, for claims alleging violations of the American With Disabilities Act and Unruh Act. Specifically, Plaintiff alleged that the outside dining surfaces located in the Common Areas of where the Restaurant was located were not wheelchair accessible in conformance with the ADA Standards relating to wheelchair users such as Plaintiff. Said Complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length. Thereafter, on May 11, 2022, Plaintiff filed his First Amended Complaint naming Main Street Cupertino as a defendant.

12. On or about June 28, 2021, counsel for Cross-Complainant sent Cross-Defendant a notice under section 4.4 of the Lease notifying Cross-Defendant of Plaintiff's Complaint and the alleged ADA violations being asserted by Plaintiff and demanding that Cross-Defendant provide Cross-Complainant with a defense and indemnification of the Complaint. Attached hereto as **Exhibit B** is a true and correct copy of Cross-Complainant's notice.

13. On March 25, 2022, counsel for Cross-Complainant sent Cross-Defendant a second notice once again demanding that Cross-Defendant provide Cross-Complainant with a defense and indemnification of the Complaint. Cross-Complainant's notice

requested that Cross-Defendant confirm in writing that it agreed to accept Cross-Complainant's tender of its defense and indemnification of the Complaint by April 1, 2022. To date, Cross-Complainant has received no response. Attached hereto as **Exhibit C** is a true and correct copy of Cross-Complainant's second notice.

14. Cross-Complainant seeks indemnification from Cross-Defendant based on express contractual indemnity provisions in Cross-Defendant's lease with Cross-Complainant in connection with the Complaint filed in the above-captioned litigation by plaintiff Scott Johnson against Cross-Complainant and Cross-Defendant. Alternatively, Cross-Complainant seeks indemnification from the Cross-Defendant, in whole or in part, including under implied/equitable principles of indemnity.

## FIRST CAUSE OF ACTION
(Contractual Indemnity Against Cross-Defendant )

15. Cross-Complainant realleges and incorporates herein by reference paragraphs 1 through 14, above, as though alleged in full herein.

16. The Complaint triggered the indemnity provision in the Lease because the alleged non-ADA compliant outdoor dining surfaces referenced in the Complaint solely belong to Cross-Defendant and were placed in the Common Areas by Cross-Defendant and/or at Cross-Defendant's direction.

17. Cross-Complainant is incurring and has incurred attorneys' fees, court costs, and other costs in connection with defending the Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, Cross-Complainant will seek leave of court to amend its Cross-Complaint to set forth the true nature and amount of said costs and expenses.

18. Cross-Complainant is entitled to complete indemnification by Cross-Defendant for any sum for which Cross-Complainant may be adjudicated liable to Plaintiff, or any settlement paid in connection with the Complaint, and for costs of suit and reasonable attorneys' fees incurred by Cross-Complainant in connection with the Complaint.

## SECOND CAUSE OF ACTION

(Implied/Equitable Indemnity Against Cross-Defendant)

19. Cross-Complainant realleges and incorporates herein by reference paragraphs 1 through 18, above, as though alleged in full herein.

20. Cross-Complainant is incurring and has incurred attorneys' fees, court costs, and other costs in connection with defending the Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, Cross-Complainant will seek leave of court to amend its Cross-Complaint to set forth the true nature and amount of said costs and expenses.

21. If Cross-Complainant is held liable and responsible to Plaintiff for damages as alleged in the Complaint, it will be solely due to the conduct of Cross-Defendant, as herein alleged. Therefore, Cross-Complainant is entitled to be indemnified by Cross-Defendant should such liability arise.

22. If Cross-Complainant is held liable or responsible to Plaintiff for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of Cross-Defendants.

23. Cross-Complainant is entitled to complete indemnification by Cross-Defendant for any sum for which Cross-Complainant may be adjudicated liable to Plaintiff, or any settlement paid in connection with the Complaint, and for costs of suit and reasonable attorneys' fees incurred by Cross-Complainant in connection with the Complaint.

## THIRD CAUSE OF ACTION

(Comparative Indemnity Against Cross-Defendant)

24. Cross-Complainant realleges and incorporates herein by reference paragraphs 1 through 23, above, as though alleged in full herein.

25. Cross-Complainant contends that it is in no way legally responsible for the events giving rise to Plaintiff's causes of action, or legally responsible in any other manner for the damages allegedly sustained by Plaintiff. However, if as a result of the matters

alleged in Plaintiff's Complaint, Cross-Complainant is held liable for all or any part of the claims or damages asserted against it by Plaintiff, Cross-Defendant, to the extent that its fault was a proximate cause of Plaintiff's damages and/or losses, is responsible for said damages and/or losses in proportion to Cross-Defendant's comparative fault and Cross-Complainant is entitled to a determination of several liability.

26. Cross-Complainant is entitled to complete indemnification by Cross-Defendant for any sum for which Cross-Complainant may be adjudicated liable to Plaintiff, or any settlement paid in connection with the Complaint, and for costs of suit and reasonable attorneys' fees incurred by Cross-Complainant in connection with the Complaint.

### FOURTH CAUSE OF ACTION

(Contribution Against Cross-Defendant)

27. Cross-Complainant realleges and incorporates herein by reference paragraphs 1 through 26, above, as though alleged in full herein.

28. Cross-Complainant contends that it is in no way legally responsible for the damages alleged in the Complaint. However, if as a result of the matters alleged therein, Cross-Complainant is held liable for all or any part of Plaintiff's alleged damages, Cross-Defendant, to the extent that its fault is determined by the court, is obligated to reimburse and is liable to Cross-Complainant for all or any liability so assessed by way of contribution, and Cross-Complainant accordingly asserts herein such right to contribution.

### FIFTH CAUSE OF ACTION

(Declaratory Relief Against Cross-Defendant)

29. Cross-Complainant realleges and incorporates herein by reference paragraphs 1 through 28, above, as though alleged in full herein.

30. An actual controversy has arisen between Cross-Complainant and Cross-Defendant, with respect to the rights, obligations and duties of the parties, including pursuant to the Lease. Cross-Complainant contends that it is entitled to indemnity from Cross-Defendant, Cross-Complainant is informed and believes, and thereon alleges, that

Cross-Defendants, contend the contrary.

## SIXTH CAUSE OF ACTION

(Breach of Contract)

31. Cross-Complainant realleges and incorporates herein by reference paragraphs 1 through 30, above, as though alleged in full herein.

32. On or about March 27, 2014, Cross-Complainant and Cross-Defendant's predecessor Main Street Cupertino Aggregator, LLC entered into a retail lease (the "Lease") for the premises located at 19449 Stevens Creek Blvd., Suite 120, Cupertino, California 95014. Cross-Complaint intended to use the premises to operate a Meet Fresh restaurant (the "Restaurant").

33. Cross-Complainant is informed and believes, and on that basis alleges that at some point after Cross-Complainant and Main Street Cupertino Aggregator, LLC entered into the Lease, Cross-Defendant became the owner of the real property where the Restaurant is located, assumed the Lease, and became Cross-Complainant's new landlord.

34. Pursuant to the Lease, Cross-Defendant, as the landlord, is responsible for the Common Areas surrounding where the Restaurant is located and the Lease further states that Cross-Defendant, as the landlord, has the right to alter or modify the Common Areas, **without notice or liability to Cross-Complainant, the Tenant**.

35. Cross-Defendant breached the Lease by altering and/or modifying the Common Areas by adding the outside dining surfaces located in the Common Areas of where the Restaurant was located which are the subject of Plaintiff's Complaint. As a result of Cross-Defendant's alteration and/or modification of the Common Areas to include purported non-ADA compliant outside dining surfaces, Cross-Defendant has been unnecessarily subjected to liability under the Complaint.

36. Cross-Complainant has performed each and every obligation and duty required on its part by the Lease except those which were excused by the conduct and breach by Cross-Defendant.

37. As a direct, foreseeable, and proximate cause of Cross-Defendant's breach of

the Lease, Cross-Complainant has been damaged in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Complainant Easy Way Formula, LLC prays for judgment in its favor and against Cross-Defendant Main Street Cupertino Retail Property, LLC as follows:

1. For a declaration of Cross-Complainant and Cross-Defendant's rights and duties with respect to indemnity of Cross-Complainant, including under the Lease;

2. For an order of this Court that Cross-Complainant is entitled to be fully indemnified by Cross-Defendant, for any sum for which Cross-Complainant may be adjudicated liable to Plaintiff, or any settlement paid in connection with the Complaint, and for costs of suit and reasonable attorneys' fees incurred by Cross-Complainant in connection with the Complaint.

3. In the alternative to an order of full indemnification, for an order of this Court declaring the percentage of fault, if any, between Cross-Complainant and Cross-Defendant, for damages and losses allegedly cause to Plaintiff, and an order awarding judgment in favor of Cross-Complainant, and against Cross-Defendant, based upon the relative percentage of fault of each party including Plaintiff.

4. For general damages, according to proof at trial.

5. For court costs and other expenses incurred in the defense of the Complaint, including attorneys' fees pursuant to statute or contract, according to proof.

6. For such other and further relief as the Court may deem just and proper.

Dated: July 25, 2022

                    GARCIA RAINEY BLANK & BOWERBANK LLP

                    By      */s/ Jeffrey M. Blank*
                             JEFFREY M. BLANK
                             HUGO A. LOPEZ
              Attorneys for Defendant/Cross-Complainant
                      Easy Way Formula, LLC

## DEMAND FOR JURY TRIAL

Cross-Complainant Easy Way Formula, LLC hereby demands a trial by jury.

Dated: July 25, 2022

                        GARCIA RAINEY BLANK & BOWERBANK LLP

By       */s/ Jeffrey M. Blank*
        JEFFREY M. BLANK
        HUGO A. LOPEZ
Attorneys for Defendant/Cross-Complainant
Easy Way Formula, LLC

EASY WAY FORMULA, LLC'S FIRST AMENDED CROSS-COMPLAINT